(19 Misc. Rep. 56.)

### SCHNEIDER v. HILL.

(Supreme Court, Appellate Term, First Department.    December 28, 1896.)

1. PRINCIPAL AND AGENT—POWER.
    The fact that a person was employed in the landlord's office does not show that he was authorized to receive rent, and thereby waive the effect of a prior notice to quit.

2. LEASE—EVIDENCE—RES INTER ALIOS.
    A receipt, given by a landlord to a tenant, which recited that the tenancy was for a month only, is inadmissible to prove that a lease to another tenant was different as to term because the form of receipts to him for his monthly payments of rent was different.

Appeal from Eighth district court.

Summary proceedings by Douglas H. Schneider against William R. Hill. From an order for the tenant, the landlord appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Davies, Stone & Auerbach, for appellant.
Charles De Hart Brower, for respondent.

McADAM, J. The landlord, on September 21, 1896, petitioned for the removal of the tenant from the store occupied by him on the ground floor of building No. 103 West Thirty-Sixth street, on the ground that the premises had been let by Oliver L. Jones, the petitioner's predecessor in title, for one month from June, 1896, and that the tenant held over and continued in possession after the expiration of said term without permission of the landlord. A precept was issued, and upon its return the tenant filed an answer, denying the facts alleged in the petition, and setting up that the hiring was for one year from May 1, 1896. The issue, therefore, was whether the tenancy was by the month or year.

It appeared that the petitioner acquired title from Jones on June 19, 1896; that the agreement for the hiring was made with Thomas & Eckerson, the agents for Jones; that the tenant took possession of the store July 1, 1892, and remained in occupation thereof. Eckerson testified, in substance, that the original letting was by the month, and that, while the tenancy was renewed each succeeding month thereafter by the payment and acceptance of the rent in monthly payments, there never was a hiring by the year. The tenant, on the other hand, testified that the hiring in 1892 was until May 1, 1893, and that in April of each succeeding year the hiring was by express agreement renewed for another year, so that the tenancy would not expire until May 1, 1897.

So far, the case presented only a question of credibility, which the justice had a right to decide in favor of the tenant; and, if the decision had been based on this evidence alone, an affirmance would have to follow, in the absence of an improper determination of the conflict. But the tenant went further. He offered two papers, which were received in evidence, under objection and exception, and marked Exhibits B and D; and as to these the appellant assigns reversible error.

Exhibit B is a receipt for the rent of the premises in question for the month of August, 1896. This was introduced to prove the acceptance of rent by the landlord after he had given the tenant notice to quit. There was no evidence to connect the landlord with the receipt except that his name was signed to it by one Lorch, "a man in his office." The particular objection to the introduction of this receipt was that it was not competent, and had not been properly proved. The justice nevertheless admitted it, and the landlord excepted. The tenant testified that Lorch, about an hour after receiving the rent and giving the receipt, came to him much excited, and wanted him to take the money and return the receipt, which the tenant declined to do. The tenant failed to prove that the money was accepted or the receipt signed by any person authorized by the landlord to act for him in that regard, and it was therefore error on the part of the justice to receive the receipt in evidence. If the payment and receipt were properly admissible, they disproved a wrongful holding over by the tenant, for they established a renewal of the tenancy, and a holding over by express permission of the landlord,—a complete defense to the proceeding; and it is impossible for us to say that, in finding for the tenant, the decision of the justice did not proceed upon this ground. The evidence offered was fatal to the landlord's proceeding, and its importance at once apparent. It was competent only on the theory that it was the act of the landlord. It could be his act only on proof that he had authorized it or ratified it, and there was nothing to authorize the inference that he had done either.

Exhibit D is a receipt given by the former agent, Mr. Eckerson, to another tenant occupying other property. It showed that that tenancy was for "one month only," and the tenant herein contended that, because his receipts differed from the one he offered, the presumption was that the hirings were dissimilar. This evidence was res inter alios acta, and inadmissible. Greenleaf (1 Greenl. Ev. § 52) gives the following example of the rule:

"Thus, where the question between landlord and tenant was whether the rent was payable quarterly, or half-yearly, evidence of the mode in which other tenants of the same landlord paid their rent was held inadmissible."

This receipt might have been evidence as to the terms of the demise to the other tenant, but afforded no inference whatever as to the contract involved in the present controversy.

For these errors, the final order must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.